**LC Process**
768-157 Eastshore Terrace
Chula Vista, CA 91913
Phone 619-870-6392

Job: 6847810   Due:
Recipient: Randy Grossman, US Attorney
Server: Luis Castellanos   Fee:

RECEIVED
SAN DIEGO, CA
2022 MAR 25 P 1:22

| Case | 37-2020-00048379-CU-MM-CTL | Plaintiff | Amabelle Rishah, et al |
|---|---|---|---|
| Court | San Diego Superior Court - Central | Defendant | Sharp Grossmont Hospital; et al. |
| Documents | Amendment to Complaint | | |
| Instructions | | | |

**Address**
880 Front St 6293, San Diego, CA 92101

**Randy Grossman, US Attorney**

Date & Time:     Description of Service / Recipient:

Age: ____  Gender: ____  Ethnicity: ____  Weight: ____
Height: ____  Hair: ____  Eyes: ____  Relationship: ____

*[signatures]* L. Chang / LAS

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>Jennifer L. Martinez, Esq.  SBN: 241349<br>11455 El Camino Real, Suite 470<br>San Diego, CA 92130<br>e-mail: jmartinez@martinezschill.com<br>TELEPHONE NO.: (619) 512-5995   FAX NO.(Optional): (619) 331-3708<br>ATTORNEY FOR (Name): Amabelle Rishah | FOR COURT USE ONLY<br><br>**ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br><br>**03/04/2022** at 11:24:00 AM<br><br>Clerk of the Superior Court<br>By Kristin Sorianosos, Deputy Clerk |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**<br>☒ CENTRAL DIVISION. HALL OF JUSTICE, 330 W. BROADWAY, SAN DIEGO, CA 92101<br>☐ EAST COUNTY DIVISION, 250 E. MAIN ST., EL CAJON, CA 92020<br>☐ NORTH COUNTY DIVISION, 325 S. MELROSE DR., SUITE 1000, VISTA, CA 92081<br>☐ SOUTH COUNTY DIVISION, 500 3RD AVE., CHULA VISTA, CA 91910 | |
| PLAINTIFF(S) Amabelle Rishah | JUDGE<br>Hon. Katherine Bacal |
| DEFENDANT(S) Sharp Grossmont Hospital, et al. | DEPT<br>C-69 |
| **AMENDMENT TO COMPLAINT** | CASE NUMBER<br>37-2020-00048379-CU-MM-CTL |

Under Code Civ. Proc. § 474:
FICTITIOUS NAME (Court order required once case is at issue)

Plaintiff(s), being ignorant of the true name of a defendant when the complaint in the above-named case was filed, and having designated defendant in the complaint by the fictitious name of

DOE 1                                                                                                                       ,

and having discovered the true name of defendant to be

United States of America                                                                                                    ,

amends the complaint by inserting such true name in place of such fictitious name wherever it appears in the complaint.

Date: March 4, 2022

_/s/ Jenni Martinez_
Signature

---

Under Code Civ. Proc. § 473:
NAME - Add or Correct (Court order required)

Plaintiff(s), having designated   ☐ defendant   ☐ plaintiff in the complaint by the name of

_____ ,

and having discovered   ☐ name to be incorrect and the correct name is   ☐ defendant also uses the name of

_____ ,

amends the complaint by   ☐ substituting   ☐ adding such name(s) wherever the name of

_____

appears in the complaint.

Date: _____

_____
Signature

---

**ORDER**

The above amendment to the complaint is allowed.

Date: _____

_____
Judge/Commissioner of the Superior Court

| | SUM-100 |
|---|---|
| **SUMMONS**<br>*(CITACION JUDICIAL)*<br>**NOTICE TO DEFENDANT:** SHARP GROSSMONT HOSPITAL, a California<br>*(AVISO AL DEMANDADO):* corporation; OLENA SHAMOS, R.N.; an<br>individual; and DOES 1-25, inclusive<br><br>**YOU ARE BEING SUED BY PLAINTIFF:** AMABELLE RISHAH, an individual<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* and heir to decedent,<br>DARREN KANG | *FOR COURT USE ONLY*<br>*(SOLO PARA USO DE LA CORTE)*<br><br>**ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br><br>**12/31/2020** at 09:15:16 AM<br><br>Clerk of the Superior Court<br>By Elizabeth Reyes, Deputy Clerk |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of California, County of San Diego
330 West Broadway
San Diego, California 92101

CASE NUMBER:
37-2020-00048379-CU-MM-CTL

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: Jennifer L. Martinez, Esq.
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Martinez & Schill LLP
11455 El Camino Real, Suite 470, San Diego, CA 92130           (619) 512-5995

DATE: 12/31/2020                    Clerk, by  *E. Reyes*              , Deputy
*(Fecha)*                           *(Secretario)*                     *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
Westlaw Doc & Form Builder

Jennifer L. Martinez (SBN 241349)
MARTINEZ & SCHILL LLP
11455 El Camino Real, Suite 470
San Diego, CA 92130
Telephone: (619) 512-5995
Facsimile: (619) 331-3708
jmartinez@martinezschill.com

RECEIVED
SAN DIEGO, CA

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
**12/31/2020** at 09:15:16 AM
Clerk of the Superior Court
By Elizabeth Reyes,Deputy Clerk

Attorneys for Plaintiff AMABELLE RISHAH

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN DIEGO, HALL OF JUSTICE

| | |
|---|---|
| AMABELLE RISHAH, an individual and heir to decedent, DARREN KANG,<br><br>Plaintiff,<br><br>vs.<br><br>SHARP GROSSMONT HOSPITAL, a California corporation; OLENA SHAMOS, R.N.; an individual; and DOES 1-25, inclusive,<br><br>Defendants. | Case No.: 37-2020-00048379-CU-MM-CTL<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. Medical Negligence |

COMES NOW the Plaintiff, AMABELLE RISHAH, who hereby demands trial by jury and alleges as follows:

**GENERAL ALLEGATIONS**:

1. Plaintiff AMABELLE RISHAH is the mother and heir at law of DARREN KING, deceased (hereinafter "Decedent").

2. Plaintiff AMABELLE RISHAH was at all relevant times a resident of the County of San Diego, and State of California.

3. Plaintiff is informed and believes that at all relevant times Defendant SHARP GROSSMONT HOSPITAL is a California corporation, duly organized and licensed to provide

1

COMPLAINT FOR DAMAGES

medical services under the laws of the State of California and located in San Diego County, California. At all relevant times, Defendant SHARP GROSSMONT HOSPITAL rendered medical care, services and treatment to Plaintiff AMABELLE RISHAH and her unborn baby and Decedent, and through the rendering of such care, a patient-physician relationship was formed.

4. Plaintiff is informed and believes that at all relevant times Defendant OLENA SHAMOS, R.N. (hereinafter "SHAMOS"), is at all times mentioned herein, an individual residing in the County of San Diego, State of California, and is a licensed nurse who rendered services, medical care and treatment to Plaintiff AMABELLE RISHAH and her unborn baby and Decedent, and through the rendering of such care, a patient-physician relationship was formed.

5. The true names and capacities, whether individual, corporate, associate, partnership, or otherwise, of Defendants herein named as DOES 1 through 25, inclusive, are unknown to Plaintiff, who therefore sues said defendants by such fictitious names. Plaintiff is informed and believes, and thereupon alleges, that each defendant fictitiously named herein as a DOE is legally responsible for negligence, or in some other manner for causing the injuries and damages to Plaintiff as hereinafter alleged including, but not limited to, tortious liability based upon the law of intentional tort, general negligence, professional negligence, governmental liability, volunteer liability, and any other statutory and common law tort liability laws giving rise to third party standing on the part of the Plaintiff. When the true names of said DOE Defendants have been ascertained, Plaintiff will seek leave of court to amend this complaint to insert such true names.

6. Plaintiff is informed and believes and thereon alleges that at all times mentioned herein each of the Defendants was the agent and employee of each of the remaining Defendants, and in doing the things hereinafter alleged, was acting within the scope of such agency and with the permission and consent of others.

7. The causes of action stated herein were incurred in the County of San Diego, State of California and is within the jurisdiction of the Superior Court of California.

///

///

8. This Court's jurisdiction over the subject matter and has the power to hear and resolve the underlying dispute as Plaintiff timely presented a statutory notice of intent to file suit under Code Civil Procedure Section 364.

## GENERAL FACTUAL ALLEGATIONS

9. Plaintiff incorporates by reference paragraphs 1 through 8 inclusive, as though fully set forth herein.

10. On January 3, 2020, Plaintiff AMABELLE RISHAH, who was twenty-four weeks pregnant, presented at Defendant SHARP GROSSMONT HOSPITAL with complaints of pain and cramping at approximately 8:00 p.m.  Plaintiff AMABELLE RISHAH was admitted for triage, was experiencing symptoms consistent with pre-term labor, including pain, cramping, spotting, and measurable contractions.  No transvaginal ultrasound or cervical check was performed. Plaintiff was given two doses of Terbutaline and observed for a short period and thereafter discharged home shortly before 12:00 a.m. No interventions were taken to properly diagnose or prevent pre-term labor.

11. On January 4, 2020, approximately six (6) hours later, Plaintiff AMABELLE RISHAH returned to Defendant SHARP GROSSMONT HOSPITAL after her water broke.  She indicated she needed to use the restroom and delivered her baby into the toilet before any medical professional treated her.

12. Plaintiff AMABELLE RISHAH's baby, born at 24-weeks, survived for approximately one day, where he ultimately passed away after being transferred to the NICU at Sharp Mary Birch.

## FIRST CAUSE OF ACTION

### Medical Negligence

### (Against All Defendants and Does 1-25)

13. Plaintiff incorporates by reference paragraphs 1 through 12 inclusive, as though fully set forth herein.

///

///

14. On or about January 3, 2020, Plaintiff AMABELLE RISHAH became a patient of Defendants, and each of them, in connection with prenatal and obstetrical care, perinatal, delivery and post-natal care concerning a pregnancy which delivered on January 4, 2020.

15. During said periods of time, herein above alleged Defendants, and each of them, agreed to perform and undertook to perform for Plaintiff AMABELLE RISHAH all services necessary in the prenatal, perinatal, labor, delivery, and post-natal phase of Plaintiff's care which included, but was not limited to, examinations, ultrasound, evaluations, diagnosis, and care and treatment of Plaintiff and in so doing the Defendants, and each of them, established a physician/nurse/hospital/caregiver relationship with the Plaintiff giving rise to each Defendants' duty to Plaintiff AMABELLE RISHAH and her unborn baby to provide skillful management of her prenatal, obstetrical, labor, delivery and post-natal care.

16. During said periods of times herein above alleged Defendants, and each of them, were negligent, careless and unskillful in their management of the prenatal, labor, delivery, postnatal phase, including but not limited to the examinations, ultrasound evaluations, diagnosis, care and treatment of Plaintiff AMABELLE RISHAH thereby legally causing injuries and damages as hereinafter set forth: said negligence includes, but is not limited to negligent obstetrical, hospital and neonatal care.

17. During said periods of time Defendants, and each of them, negligently failed to properly advise and treat Plaintiff's pre-term labor; as a legal result of said negligent diagnosis and treatment, Plaintiff suffered injuries as set forth below.

18. As a direct and legal result of the aforesaid negligence, carelessness and unskillfulness of Defendants, and each of them, and of the death of Decedent caused thereby, Plaintiff has sustained a loss of love, society, affection, comfort, companionship, care, training, advice, financial support, services, contributions, and gifts from Decedent.

19. As a further result of the negligence, carelessness and recklessness of Defendants, and each of them, and of the death of Decedent caused thereby, Plaintiffs have incurred funeral and burial expenses in an amount according to proof at the time of trial.

///

**WHEREFORE**, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1. For an award of Plaintiff's general damages as proven at the time of trial;
2. For loss of financial support, funeral and burial expenses, and other pecuniary losses according to proof;
3. For interest as allowed by law;
4. For costs of suit herein incurred; and
5. For such other and further relief as the Court may deem just and proper.

Dated: December 29, 2020                    MARTINEZ & SCHILL LLP

                                            By: *Jenni Martinez*
                                            Jennifer L. Martinez, Esq.
                                            Attorneys for Plaintiff,
                                            AMABELLE RISHAH

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* <br> Jennifer L. Martinez, Esq.         SBN: 241349 <br> Martinez & Schill LLP <br> 11455 El Camino Real, Suite 470, San Diego, CA 92130 <br> TELEPHONE NO.: (619) 512-5995    FAX NO.: (619) 331-3708 <br> ATTORNEY FOR *(Name):* Amabelle Rishah | FOR COURT USE ONLY <br><br> **ELECTRONICALLY FILED** <br> Superior Court of California, <br> County of San Diego <br><br> **12/31/2020** at 09:15:16 AM <br><br> Clerk of the Superior Court <br> By Elizabeth Reyes, Deputy Clerk |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO <br> STREET ADDRESS: 330 West Broadway <br> MAILING ADDRESS: 330 West Broadway <br> CITY AND ZIP CODE: San Diego, 92101 <br> BRANCH NAME: Hall of Justice Courthouse | |
| CASE NAME: Rishah v. Sharp Grossmont Hospital, et al. | |

| **CIVIL CASE COVER SHEET** <br> [X] Unlimited   [ ] Limited <br> (Amount   (Amount <br> demanded   demanded is <br> exceeds $25,000)   $25,000 or less) | **Complex Case Designation** <br> [ ] Counter    [ ] Joinder <br> Filed with first appearance by defendant <br> (Cal. Rules of Court, rule 3.402) | CASE NUMBER: <br>    37-2020-00048379-CU-MM-CTL <br><br> JUDGE: Judge Katherine Bacal <br> DEPT: |
|---|---|---|

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation** |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400–3.403)** |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Construction defect (10) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [X] Medical malpractice (45) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse condemnation (14) | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Petition re: arbitration award (11) | [ ] Other petition *(not specified above)* (43) |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is [X] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties    d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel    e. [ ] Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve          in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.[X] monetary   b.[ ] nonmonetary; declaratory or injunctive relief   c.[ ] punitive
4. Number of causes of action *(specify):* One
5. This case [ ] is [X] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: December 29, 2020

Jennifer L. Martinez, Esq.                              ▶ /s/ Jenni Martinez
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use <br> Judicial Council of California <br> CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; <br> Cal. Standards of Judicial Administration, std. 3.10 <br> *www.courtinfo.ca.gov* <br> Westlaw Doc & Form Builder |
|---|---|---|

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)

**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case

**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition



# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

CASE NUMBER: 37-2020-00048379-CU-MM-CTL     CASE TITLE: Rishah vs Sharp Grossmont Hospital [IMAGED]

**NOTICE:** All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:
      (1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),
      (2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), _and_
      (3) the Notice of Case Assignment form (SDSC form #CIV-721).

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

### Potential Advantages and Disadvantages of ADR
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

| **Potential Advantages** | **Potential Disadvantages** |
|---|---|
| • Saves time | • May take more time and money if ADR does not resolve the dispute |
| • Saves money | |
| • Gives parties more control over the dispute resolution process and outcome | • Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable |
| • Preserves or improves relationships | |

### Most Common Types of ADR
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

**Other ADR Processes:** There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute. Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

<u>Local ADR Programs for Civil Cases</u>

**Mediation:** The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

<u>On-line mediator search and selection:</u> Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005). The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:** The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:** The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. Refer to SDSC Local Rules <u>Division II, Chapter III</u> and Code Civ. Proc. <u>§ 1141.10 et seq</u> or contact the Arbitration Program Office at (619) 450-7300 for more information.

<u>More information about court-connected ADR</u>: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:** The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:** To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

<u>Legal Representation and Advice</u>

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at *www.courtinfo.ca.gov/selfhelp/lowcost*.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| STREET ADDRESS: | 330 W Broadway |
| MAILING ADDRESS: | 330 W Broadway |
| CITY AND ZIP CODE: | San Diego, CA 92101-3827 |
| BRANCH NAME: | Central |
| TELEPHONE NUMBER: | (619) 450-7069 |

| PLAINTIFF(S) / PETITIONER(S): | Amabelle Rishah et.al. |
|---|---|
| DEFENDANT(S) / RESPONDENT(S): | Sharp Grossmont Hospital et.al. |

RISHAH VS SHARP GROSSMONT HOSPITAL [IMAGED]

| NOTICE OF CASE ASSIGNMENT and CASE MANAGEMENT CONFERENCE | CASE NUMBER: 37-2020-00048379-CU-MM-CTL |
|---|---|

**CASE ASSIGNED FOR ALL PURPOSES TO:**

Judge: Katherine Bacal                                   Department: C-69

**COMPLAINT/PETITION FILED:** 12/31/2020

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 08/06/2021 | 09:30 am | C-69 | Katherine Bacal |

Due to the COVID-19 pandemic, all hearings will be conducted remotely until further notice. Absent an order of the court, personal appearances at the hearing will not be allowed. For information on arranging telephonic or video appearances, contact CourtCall at (888)882-6878, or at www.courtcall.com. Please make arrangements with CourtCall as soon as possible.

A case management statement must be completed by counsel for all parties or self-represented litigants and timely filed with the court at least 15 days prior to the initial case management conference. (San Diego Local Rules, Division II, CRC Rule 3.725).

All counsel of record or parties in pro per shall appear at the Case Management Conference, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of ADR* options.

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT), THE ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730), A STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) (SDSC FORM #CIV-359), AND OTHER DOCUMENTS AS SET OUT IN SDSC LOCAL RULE 2.1.5.

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS: The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil cases consist of all civil cases except: small claims proceedings, civil petitions, unlawful detainer proceedings, probate, guardianship, conservatorship, juvenile, parking citation appeals, and family law proceedings.

COMPLAINTS: Complaints and all other documents listed in SDSC Local Rule 2.1.5 must be served on all named defendants.

DEFENDANT'S APPEARANCE: Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than 15 day extension which must be in writing and filed with the Court.) (SDSC Local Rule 2.1.6)

JURY FEES: In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

COURT REPORTERS: Court reporters are not provided by the Court in Civil cases. See policy regarding normal availability and unavailability of official court reporters at www.sdcourt.ca.gov.

*ALTERNATIVE DISPUTE RESOLUTION (ADR): THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO TRIAL, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. PARTIES MAY FILE THE ATTACHED STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (SDSC FORM #CIV-359).



# Superior Court of California
# County of San Diego

# NOTICE OF ELIGIBILITY TO eFILE
# AND ASSIGNMENT TO IMAGING DEPARTMENT

This case is eligible for eFiling. Should you prefer to electronically file documents, refer to General Order in re procedures regarding electronically imaged court records, electronic filing, and access to electronic court records in civil and probate cases for rules and procedures or contact the Court's eFiling vendor at www.onelegal.com for information.

This case has been assigned to an Imaging Department and original documents attached to pleadings filed with the court will be imaged and destroyed. Original documents should not be filed with pleadings. If necessary, they should be lodged with the court under California Rules of Court, rule 3.1302(b).

On August 1, 2011 the San Diego Superior Court began the Electronic Filing and Imaging Pilot Program ("Program"). As of August 1, 2011 in all new cases assigned to an Imaging Department all filings will be imaged electronically and the electronic version of the document will be the official court file. The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and on the Internet through the court's website.

You should be aware that the electronic copy of the filed document(s) will be the official court record pursuant to Government Code section 68150. The paper filing will be imaged and held for 30 days. After that time it will be destroyed and recycled. **Thus, you should not attach any original documents to pleadings filed with the San Diego Superior Court. Original documents filed with the court will be imaged and destroyed except those documents specified in California Rules of Court, rule 3.1806.** Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant or petitioner to serve a copy of this notice with the complaint, cross-complaint or petition on all parties in the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words **"IMAGED FILE"** in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 330 West Broadway | |
| MAILING ADDRESS: 330 West Broadway | |
| CITY, STATE, & ZIP CODE: San Diego, CA 92101-3827 | |
| BRANCH NAME: Central | |
| PLAINTIFF(S): Amabelle Rishah et.al. | |
| DEFENDANT(S): Sharp Grossmont Hospital et.al. | |
| SHORT TITLE: RISHAH VS SHARP GROSSMONT HOSPITAL [IMAGED] | |

| STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER: 37-2020-00048379-CU-MM-CTL |
|---|---|

Judge: Katherine Bacal         Department: C-69

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process. Selection of any of these options will not delay any case management timelines.

☐ Mediation (court-connected)          ☐ Non-binding private arbitration

☐ Mediation (private)                  ☐ Binding private arbitration

☐ Voluntary settlement conference (private)   ☐ Non-binding judicial arbitration (discovery until 15 days before trial)

☐ Neutral evaluation (private)         ☐ Non-binding judicial arbitration (discovery until 30 days before trial)

☐ Other (specify e.g., private mini-trial, private judge, etc.): _____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____          Date: _____

Name of Plaintiff                      Name of Defendant

Signature                              Signature

Name of Plaintiff's Attorney           Name of Defendant's Attorney

Signature                              Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385. Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

**IT IS SO ORDERED.**

Dated: 12/31/2020                               JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 12-10)   **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION**   Page: 1

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| STREET ADDRESS: 330 West Broadway <br> MAILING ADDRESS: 330 West Broadway <br> CITY AND ZIP CODE: San Diego, CA 92101 <br> BRANCH NAME: Central <br> TELEPHONE NUMBER: (619) 450-7069 | |
| PLAINTIFF(S)/PETITIONER(S)/APPELLANT(S): Amabelle Rishah et.al. | |
| DEFENDANT(S)/RESPONDENT(S): Sharp Grossmont Hospital et.al. | |
| Short Title: Rishah vs Sharp Grossmont Hospital [IMAGED] | |
| **NOTICE OF RESCHEDULED HEARING** | CASE NUMBER: <br> 37-2020-00048379-CU-MM-CTL |



Notice is given that the hearing in the above-entitled case has been rescheduled from 06/03/2022 08:45 AM to date and time shown below. All inquiries regarding this notice should be referred to the court listed above.

| **TYPE OF HEARING** | **DATE** | **TIME** | **DEPT** | **JUDGE** |
|---|---|---|---|---|
| Civil Jury Trial | 12/09/2022 | 08:45 am | C-69 | Katherine Bacal |

Effective Wednesday, June 16, 2021, the San Diego Superior Court will allow appearances for most hearings either in-person or virtually. Parties that elect to attend their hearing virtually should visit the Court's website at www.sdcourt.ca.gov for information and directions on making a virtual appearance.

If appearing virtually, you are strongly encouraged to visit the Court's website 24-hours prior to your scheduled hearing to prepare for your hearing.

Posting of jury fees is pursuant to code.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO |  |
|---|---|
| Central<br>330 West Broadway<br>San Diego, CA 92101 |  |
| **SHORT TITLE:** RISHAH VS SHARP GROSSMONT HOSPITAL [IMAGED] |  |
| **CLERK'S CERTIFICATE OF SERVICE BY MAIL** | **CASE NUMBER:**<br>37-2020-00048379-CU-MM-CTL |

I certify that I am not a party to this cause. I certify that a true copy of NOTICE OF RESCHEDULED HEARING was mailed following standard court practices in a sealed envelope with postage fully prepaid, addressed as indicated below. The certification occurred at San Diego, California on 02/24/2022. The mailing occurred at Gardena, California on 02/25/2022.

Clerk of the Court, by: _____M. David_____, Deputy

KATIE K SCHULER
101 BROADWAY, STE 1110
SAN DIEGO, CA 92101

JENNIFER L MARTINEZ
MARTINEZ & SCHILL LLP
11455 EL CAMINO REAL, SUITE 470
SAN DIEGO, CA 92130

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| STREET ADDRESS: 330 West Broadway | |
| MAILING ADDRESS: 330 West Broadway | |
| CITY AND ZIP CODE: San Diego, CA 92101 | |
| BRANCH NAME: Central | |
| TELEPHONE NUMBER: (619) 450-7069 | |

PLAINTIFF(S)/PETITIONER(S)/APPELLANT(S): Amabelle Rishah et.al.

DEFENDANT(S)/RESPONDENT(S): Sharp Grossmont Hospital et.al.

Short Title: Rishah vs Sharp Grossmont Hospital [IMAGED]



| NOTICE OF RESCHEDULED HEARING | CASE NUMBER: 37-2020-00048379-CU-MM-CTL |
|---|---|

Notice is given that the hearing in the above-entitled case has been rescheduled from 05/13/2022 10:30 AM to date and time shown below. All inquiries regarding this notice should be referred to the court listed above.

| **TYPE OF HEARING** | **DATE** | **TIME** | **DEPT** | **JUDGE** |
|---|---|---|---|---|
| Trial Readiness Conference (Civil) | 11/18/2022 | 10:30 am | C-69 | Katherine Bacal |

Effective Wednesday, June 16, 2021, the San Diego Superior Court will allow appearances for most hearings either in-person or virtually. Parties that elect to attend their hearing virtually should visit the Court's website at www.sdcourt.ca.gov for information and directions on making a virtual appearance.

If appearing virtually, you are strongly encouraged to visit the Court's website 24-hours prior to your scheduled hearing to prepare for your hearing.

Posting of jury fees is pursuant to code.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| Central<br>330 West Broadway<br>San Diego, CA 92101 | |
| **SHORT TITLE:** RISHAH VS SHARP GROSSMONT HOSPITAL [IMAGED] | |
| **CLERK'S CERTIFICATE OF SERVICE BY MAIL** | CASE NUMBER:<br>**37-2020-00048379-CU-MM-CTL** |

I certify that I am not a party to this cause. I certify that a true copy of NOTICE OF RESCHEDULED HEARING was mailed following standard court practices in a sealed envelope with postage fully prepaid, addressed as indicated below. The certification occurred at San Diego, California on 02/24/2022. The mailing occurred at Gardena, California on 02/25/2022.

Clerk of the Court, by: _M. David_____, Deputy

KATIE K SCHULER
101 BROADWAY, STE 1110
SAN DIEGO, CA 92101

JENNIFER L MARTINEZ
MARTINEZ & SCHILL LLP
11455 EL CAMINO REAL, SUITE 470
SAN DIEGO, CA 92130